IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEROY YUMAN, IV | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. GLR-17-275 |
| WARDEN STEVE MILLS | * | |
| Defendant. | * | |

*****

## **MEMORANDUM OPINION**

On January 27, 2017, Plaintiff Leroy Yuman, IV, an inmate housed at the Roxbury Correctional Institution in Hagerstown, Maryland, filed a 42 U.S.C. § 1983 Complaint seeking unspecified compensatory relief.  He alleges that while housed at the Dorchester County Detention Center ("DCDC") in 2015, he exited the shower area, slipped in "some nasty stagnant water," and sustained a bad cut to his foot when he "struggled to pull my foot from under the shower door." (Compl., ECF No. 1-1).  Yuman states that there were no signs placed in the area stating "wet floor" or "caution."  (Id.).  He alleges, moreover, that he was taken to the nurses' room and it took forty-five minutes for personnel to decide he had to go to the hospital to get stitches.  (Id.).  He contends he bled a lot and was in extreme pain during the entire incident.  (Id.).  The Complaint was accompanied by a Motion for Leave to Proceed In Forma Pauperis, which will be granted. (ECF No. 2).

The Court concludes that Yuman's allegations state no constitutional violations.  To the extent that this action is filed under 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law, it will be dismissed.  Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating

federal rights elsewhere conferred." <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)).  Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." <u>City of Monterey v. Del Monte Dunes at Monterey, Ltd.</u>, 526 U.S. 687, 707 (1999).  <u>See also</u> 28 U.S.C. §§ 1343(a)(3) and (4); <u>West v. Adkins</u>, 487 U.S. 42, 49 (1988); <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 928-930 (1982).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

To establish a claim under § 1983, a Plaintiff must prove two elements: (1) that the Defendant "deprived [the Plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the Defendant "deprived [the Plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." <u>Mentavlos v. Anderson</u>, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).  Thus, jurisdictional and threshold requirements of §1983 civil actions demand that a substantial federal claim be asserted and that the named defendants act "under color of" state law.

Presumably, Yuman was confined at the DCDC as a pre-trial detainee.  Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause rather than under the Eighth Amendment.[1]  <u>See</u> <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 n.16 (1979); <u>Hill v. Nicodemus</u>,

---

[1] Yuman's claims are analyzed under the Due Process Clause of the Fourteenth Amendment,

979 F.2d 987, 990 (4th Cir. 1992).  While a convicted inmate must prove that his confinement is cruel and unusual punishment, detainees need only prove that their confinement amounts to punishment in order to state a claim.  See Nelson v. Collins, 659 F.2d 420, 425 (4th Cir. 1981). Yuman has, at best, set out a claim of negligence for the alleged failure to place a caution or wet floor sign around the shower area.  A claim of negligence is not colorable under § 1983.  See Daniels v. Williams, 474 U.S. 327, 328-336 & n.3 (1986); Davidson v. Cannon, 474 U.S. 344, 345–48 (1986); Estelle v. Gamble, 429 U.S. 97, 106  (1976).

Further, Yuman claims that he was immediately taken to the medical department or "nurse's room" and it took personnel forty-five minutes to decide that he needed to go to a local hospital for sutures to his injury.  Such allegations do not evince the deliberate indifference or punitive behavior to set out an Eighth or Fourteenth Amendment claim.  The Complaint will be dismissed without prejudice to allow Yuman the opportunity to file a complaint in the appropriate state court.

For the foregoing reasons, Yuman's Motion to Proceed In Forma Pauperis will be granted, but his Complaint will be dismissed.  A separate Order follows.

Date:  February 28, 2017                                    /s/
                                              George L. Russell, III
                                              United States District Judge

---

rather than the Eighth Amendment.  As a practical matter, however, at the present time courts do not distinguish between the Eighth and Fourteenth Amendments in the context of a pre-trial detainee's § 1983 claim on such issues.  See Hill v. Nicodemus, 979 F.2d 987, 990–92 (4th Cir. 1992).  But see Kinsley v. Hendrickson, 135 S.Ct. 2466, 2476 (2015) (excessive force claims may be subject to a different standard for pre-trial, as opposed to sentenced, detainees.).